UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN KIM ANDERSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>IDOC POLICY ADMINISTRATION BOARD MEMBERS; REN FRENCH; JIM ZELENKA; and JANE AND JOHN DOE,<br><br>　　　　　　Defendants. | Case No. 1:22-cv-00259-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff Steven Kim Anderson is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that Plaintiff's claims appeared to be barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 7.

　　　　Plaintiff has now filed an Amended Complaint. Dkt. 8. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

　　　　Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial Complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

1.  **Screening Requirement**

As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

2.  **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. As explained in the Initial Review Order, pursuant to the *Heck* doctrine, a § 1983 claim may not be maintained if the plaintiff's success on the claim "would necessarily imply the invalidity" of the plaintiff's criminal conviction, sentence, or parole revocation—unless that prior conviction, sentence, or revocation has been reversed or otherwise invalidated. *Initial Review Order* at 5–6. Here, Plaintiff's claim that he was subjected to (1) an unconstitutional parole condition, and (2) a retaliatory probation violation report, would—if successful—necessarily imply that his probation revocation and resultant present incarceration are invalid.

The Amended Complaint does not plausibly allege that Plaintiff's parole revocation has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Therefore, Plaintiff's § 1983 claims must be dismissed without prejudice under *Heck*.

## ORDER

**IT IS ORDERED** that, for the reasons stated in this Order and the Initial Review Order (Dkt. 7), this entire case is DISMISSED without prejudice, as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: November 1, 2022

David C. Nye
Chief U.S. District Court Judge