UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN KIM ANDERSON,<br><br>                Plaintiff,<br><br>v.<br><br>IDOC POLICY ADMINISTRATION BOARD MEMBERS JANE DOE and JOHN DOE; REN FRENCH; and JIM ZELENKA,<br><br>                Defendants. | Case No. 1:22-cv-00259-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

The Ninth Circuit vacated in part this Court's judgment in this civil rights case and remanded, holding that—because Plaintiff was once again released on parole while his appeal was pending—his claims are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The vacating of this Court's Judgment was not because the Judgment was wrong or erroneous, but because the facts changed after the Judgment was entered. In its Memorandum, the Circuit cited to *Nonnette v. Small*, 316 F.3d 872 (9th Cir. 2002), which quoted the United States Supreme Court in *Patterson v. Alabama*, 294 U.S. 600, 607 (1935) as follows: "[I]n the exercise of our appellate jurisdiction we have power not only to correct error in the judgment under review but to make such disposition on the case as justice requires. And in determining what justice does require, the Court is bound to consider any

change, either in fact or in law, which has supervened since the judgment was entered." After taking judicial notice of several documents showing that Plaintiff was released on parole while his appeal was pending, the Circuit permitted Plaintiff to proceed on his claims for declaratory and injunctive relief, but not on his claims for damages, as Plaintiff had forfeited any challenge to the dismissal of those claims. *See Memorandum* (9th Cir. Dec. 18, 2024) (Dkt. 23).[1] The mandate has now issued.

**ACCORDINGLY, IT IS ORDERED:**

1. Pursuant to the Ninth Circuit's remand and mandate, this case is hereby REOPENED.

2. Defendants will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Complaint (Dkt. 8), a copy of this Order, and a Waiver of Service of Summons to **Karin Magnelli, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706**, on behalf of Defendants.

---

[1] *Anderson v. IDOC Policy Administration Board Members,* 2024 WL 5153596 (9th Cir. Dec. 18, 2024).

3. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, identifying the individuals for whom service will not be waived.

4. If Plaintiff receives a notice indicating that service will not be waived for an entity or for certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them may be dismissed without prejudice without further notice.

5. After Defendants appear, the Court will issue an order governing the pretrial schedule in this case, including disclosure and discovery. *See* General Order 343, *In Re: Adoption of a Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases* (Feb. 8, 2019).

6. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

1. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

2. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

3. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

4. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

5. Pursuant to General Order 324, this action is hereby RETURNED to the Clerk of Court for random civil case assignment to a presiding judge, on the

proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: January 15, 2025

_____
David C. Nye
Chief U.S. District Court Judge